**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**AIKEN DIVISION**

| | | |
|---|---|---|
| Maria Davenport, Arnold Davenport, and Demorio Davenport, | ) ) ) | Civil Action No. 1:15-cv-03751-JMC |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| Goodyear Dunlop Tires North America, Ltd. And The Goodyear Tire and Rubber Company, | ) ) ) ) | |
| Defendant. | ) ) | |
| Devon Davenport, | ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:15-cv-03752-JMC |
| v. | ) ) | |
| Goodyear Dunlop Tires North America, Ltd. and The Goodyear Tire and Rubber Company, | ) ) ) ) | **ORDER** |
| Defendant. | ) ) ) | |

This matter comes before the court pursuant to Defendants Goodyear Dunlop Tires North America, Ltd.'s and The Goodyear Tire and Rubber Company's ("Defendants") Motion to Consolidate [C/A No. 1:15-cv-03751-JMC (ECF No. 41); C/A No. 1:15-cv-03752-JMC (ECF No. 34).] Defendants argue that the action captioned *Maria Davenport, Arnold Davenport, and Demorio Davenport v. Goodyear Dunlop Tires North America, Ltd. and The Goodyear Tire and Rubber Company*, Civil Action No. 1:15-cv-03751-JMC, should be consolidated with related action *Devon Davenport v. Goodyear Dunlop Tires North America, Ltd. and The Goodyear Tire and Rubber Company*, Civil Action No. 1:15-cv-03752-JMC for all purposes, including trial.

1

Plaintiffs Maria Davenport, Arnold Davenport, Demorio Davenport, and Devon Davenport ("Plaintiffs") consent to consolidating these cases for discovery purposes but object to consolidating these cases for trial purposes. [C/A No. 1:15-cv-03751-JMC (ECF No. 45); C/A No. 1:15-cv-03752-JMC (ECF No. 37).]

## FACTUAL AND PROCEDURAL BACKGROUND

These lawsuits arise out of an automobile accident that occurred on October 5, 2012. Plaintiff Maria Davenport was driving her vehicle, with Demorio Davenport and Devon Davenport riding as passengers. Plaintiffs allege that the left rear tire of the vehicle[1] separated, causing the vehicle to overturn and resulting in serious and severe injuries to Plaintiffs. Plaintiff Arnold Davenport sues for loss of consortium, and all Plaintiffs assert claims against the Defendants sounding in negligence, strict liability, and breach of warranty, alleging that the tire was defective.

Maria Davenport and Devon Davenport individually filed actions in the Aiken County Court of Common Pleas on March 24, 2014 and April 1, 2014, respectively. In the state court actions, Maria Davenport and Devon Davenport consented to consolidation of the cases for discovery purposes. Subsequently, Arnold Davenport and Demorio Davenport individually filed actions in the Aiken County Court of Common Pleas on January 14, 2015. Plaintiffs voluntarily dismissed the state court actions on September 10, 2015 and re-filed in federal court on September 18, 2015, with Maria Davenport, Arnold Davenport, and Demorio Davenport joined as plaintiffs in one complaint (*Maria Davenport, Arnold Davenport, and Demorio Davenport v. Goodyear Dunlop Tires North America, Ltd. and The Goodyear Tire and Rubber Company*, Civil Action No. 1:15-cv-03751-JMC), and Devon Davenport individually filing a second

---

[1] The tire at issue was manufactured by Goodyear Dunlop Tires North America, Ltd. at its Huntsville, Alabama plant during the 5th week of 2001.

complaint (*Devon Davenport v. Goodyear Dunlop Tires North America, Ltd. and The Goodyear Tire and Rubber Company*, Civil Action No. 1:15-cv-03752-JMC). Both complaints are substantially similar.

### DISCUSSION

Rule 42(a) of the Federal Rules of Civil Procedure provides that, where actions involve a common question of law or fact, the court may "(1) join for hearing or trial any and all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Courts are allowed broad discretion to consolidate actions pending in the same district, as they are here. *See A/S J. Ludwig Mowinckles Rederi v. Tidewater Const. Co.*, 559 F.2d 928, 933 (4th Cir. 1977). The Fourth Circuit has held that the critical question in determining whether to consolidate is:

> Whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudication of common factual and legal issues, the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982) (citing 9 C. Wright & A. Miller, Federal Practice & Procedure: Civil § 2383 (1971)).

In *Kelley v. U.S.*, the court granted the defendants' motion to consolidate a husband's loss of consortium claim and a wife's separately filed personal injury claim where both claims stemmed from injuries that the wife sustained in a plane crash, finding that the claims necessarily involved common questions of law and fact. 58 F. Supp. 2d 490, 494 (E.D. Va. 2008). Like *Kelley*, both actions here stem from the same incident. Plaintiffs were involved in an automobile accident that was allegedly caused by the failure of a tire that was manufactured by Defendants. Thus, the factual predicates for each action are the same. Accordingly, each action involves

3

common questions of law and fact, and because there are such common questions in these two actions, the court finds that consolidation is appropriate.

In determining if consolidation is proper, the court also weighs the risks of prejudice to the parties and possible juror confusion. Plaintiffs contend that, if the cases are consolidated, they will be prejudiced by having the jury confused on the two distinct complex medical injuries sustained by two separate plaintiffs. However, the jury is no more likely to be confused about two distinct medical injuries occurring in two plaintiffs than if those same two distinct injuries had occurred in a single plaintiff. The mere fact that a jury would have to hear testimony regarding different particular injuries does not necessarily mean that the jury will be confused as to each injury. The risk of confusion is further diminished by the fact that Plaintiffs in each case sustained very different types of injuries.[2] Plaintiffs also contend that Defendants aim to consolidate these cases in an effort to prejudice Maria Davenport, Arnold Davenport, and Demorio Davenport's case with unfavorable evidence concerning an event related to Devon Davenport which occurred after the accident in this case. While the court is sensitive to this issue, it believes that it can be handled with proper jury instruction. In such cases where there are multiple parties on either side of the suit, the court will provide the appropriate instructions to the jury to limit any possibility of evidence concerning one co-party prejudicing the other co-party or co-parties. *See Arnold* 681 F.2d at 193; *see also Durham v. S Ry. Co.*, 254 F. Supp. 813, 815-16 (W.D. Va. 1996) (noting that the court may address any potential prejudice with proper jury instruction that illustrate the "different considerations involved so that no prejudice will result . . . ."). Accordingly, the court finds that no prejudice will result from consolidation.

The court must also consider the potential risk of inconsistent adjudications on common legal issue and facts; the burden on the parties, witnesses, and judiciary by hearing multiple

---

[2] Maria Davenport sustained skeletal injuries, while Devon sustained a brain injury.

lawsuits; the time required to conclude several actions as opposed to one; and the expense of conducting multiple trials as opposed to one. *See Arnold*, 681 F.2d at 193. Here, there is a potential risk of inconsistent adjudications on common legal issues and facts if consolidation is not granted. In the event that Goodyear is not liable in the first trial, there is a possibility that Goodyear could be found liable in the second trial, even though it arises out of the same incident and is premised upon the same legal arguments.

Because the two actions involve such common questions of law and fact, and because consolidation will promote judicial economy, prevent inconsistent adjudications of common questions of law and fact, result in efficiency for the parties and for the court in the discovery process and at trial, and likely will not inconvenience or prejudice any party, the court finds that a consolidation of *Maria Davenport, Arnold Davenport, and Demorio Davenport v. Goodyear Dunlop Tires North America, Ltd. and The Goodyear Tire and Rubber Company*, Civil Action No. 1:15-cv-03751-JMC, and *Devon Davenport v. Goodyear Dunlop Tires North America, Ltd. and The Goodyear Tire and Rubber Company*, Civil Action No. 1:15-cv-03752-JMC, is proper for all purposes, including trial.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Consolidate [C/A No. 1:15-cv-03751-JMC (ECF No. 41); C/A No. 1:15-cv-03752-JMC (ECF No. 34)] is **GRANTED** for all purposes, including trial. The parties are further notified that the earlier filed case, *Maria Davenport, Arnold Davenport, and Demorio Davenport v. Goodyear Dunlop Tires North America, Ltd. and The Goodyear Tire and Rubber Company*, Civil Action No. 1:15-cv-03751-JMC, is designated as the lead docket number for purposes of court deadlines, including the date by which all actions must be concluded.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

October 25, 2016
Columbia, South Carolina