# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Maria Davenport, Arnold Davenport, and Demorio Davenport,<br><br>Plaintiffs,<br><br>v.<br><br>Goodyear Dunlop Tires North America, LTD, and The Goodyear Tire & Rubber Company,<br><br>Defendants. | Civil Action No: 1:15-cv-03751-JMC<br><br>**ORDER** |

Defendant The Goodyear Tire & Rubber Company ("Defendant"), filed the instant action against Plaintiffs Maria, Arnold, and Demorio Davenport (collectively "Plaintiffs") to compel Plaintiffs to produce the left rear tire, along with the tire's rim/wheel portion, and the tread/belt package (referred to hereinafter collectively as "Tire at Issue"), of Maria Davenport's 1996 Ford Explorer.

This matter is before the court on Defendant's Motion to Compel (ECF No. 28), to which Plaintiff filed a Response in Opposition. (ECF No. 31.) Defendant filed a Reply to Plaintiff's Response. (ECF No. 35.)

## I. FACTUAL AND PROCEDURAL BACKGROUND

This action arises out of an accident that allegedly occurred on October 5, 2012. (Pls.' Compl. ¶ 5, ECF No. 1.) While Maria Davenport ("Maria") was driving her 1996 Ford Explorer on I-20, it is alleged that the Tire at Issue separated from the vehicle, causing the car to overturn. (*Id.*) On March 20, 2014, Maria initiated a products liability action in state court against Defendant. (ECF. No. 28, ¶ 1.) During the course of the state court proceedings, Defendant requested the Tire at Issue for inspection. (Ex. A, Req. for Produc. to Pl., ECF No. 28-1 at 6.)

1

Maria consented to Defendant's inspection request.  (Ex. B, Resp. to Req. for Produc., ECF No. 28-2 at 6-7.)  Defendant received the Tire at Issue on October 8, 2014, and returned the Tire at Issue to Maria's counsel on April 21, 2015.  (ECF. No. 28 ¶ 4.)  On April 30, 2015, Defendant deposed Maria's tire expert, Dennis Carlson ("Carlson"), who suggested inadequate adhesion as a defect theory ("adhesion defect theory") for why the tire separated.  (*Id*. at ¶ 6.)  On May 18, 2015, Defendant requested the Tire at Issue be shipped back to Defendant for an additional inspection.  (*Id*. at ¶ 6.)  On September 10, 2015 the state court action was voluntarily dismissed.  (*Id*. at ¶ 8.)  On September 18, 2015, Maria Davenport joined with Arnold and Demorio Davenport to re-file the Complaint (ECF No. 1) in federal court.  (ECF No. 28 ¶ 1)

On April 25, 2016, Defendant filed a Motion to Compel (ECF No. 28) seeking the production of the Tire at Issue.  (ECF No. 28 ¶ 9, Ex. G, Req. for Produc. No 20-23.)  Plaintiffs filed a Response in Opposition (ECF. No. 31) on May 12, 2016.  Defendant filed a Reply to Plaintiff's Response (ECF No. 35) on May 23, 2016.

## II. LEGAL STANDARD

The amended Fed. R. Civ. P. 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," considering the importance of the issues, the parties' access to information, the parties' resources, and the importance of the discovery.  Fed. R. Civ. P. 26(b)(1).[1]  The scope of discovery permitted by Fed. R. Civ. P. 26 is designed to provide a party with information reasonably necessary to afford a fair opportunity to develop its case.  *Nat'l Union Fire Ins. Co. of*

---

[1] The court observes that the Supreme Court entered an order on April 29, 2015, stating that these amendments should be applied to cases filed before December 1, 2015, insofar as it was just and practicable. Therefore, the court finds it just and practicable to apply the rules as amended.

*Pittsburgh, P.A. v. Murray Sheet Metal Co., Inc.*, 967 F.2d 980, 983 (4th Cir. 1992). Generally, parties in civil litigation are permitted broad discovery. *Id*. Nevertheless, discovery is not limitless and the court has the discretion to protect a party from "oppression" or "undue burden or expense." Fed. R. Civ. P. 26(c)(1). Furthermore, a court "must limit the frequency or extent of discovery otherwise allowed by these rules [Fed. R. Civ. P.], if it determines that: "the discovery sought is unreasonably cumulative or duplicative;" or "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26 (b)(2)(C)(i)-(ii).

"A party may serve on any other party a request within the scope of Rule 26(b)" to produce "any designated tangible things." Fed. R. Civ. P. 34(a)-(a)(1)(B). "If a party fails to make a disclosure" required by Fed. R. Civ. P. 26, "any other party may move to compel disclosure and for appropriate sanctions," [after it has] "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1)-(3)(A). Specifically, a party "may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). Broad discretion is afforded to a district court's decision to grant or deny a motion to compel. *See, e.g.*, *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995).

### III. ANALYSIS

Defendant claims that it is entitled to re-inspect the Tire at Issue, and that without re-inspection, Defendant can neither fully investigate nor defend against Plaintiffs expert's (Carlson) adhesion defect theory. (ECF No. 28 at 6-7, ¶ 22.) Specifically, Defendant argues that the discovery sought falls under the scope of Rule 26(b)(1) and "is not unreasonably cumulative or

3

duplicative, because [Defendant] has never had the opportunity to inspect the tire based on Plaintiffs' adhesion defect theory." (*Id*. at 7, ¶ 23.)

Defendant, citing to *Hajek v. Kumho Tire Co., Inc*., No. 4:08CV3157, 2009 WL 2229902, at *13 (D. Neb. July, 23, 2009), asserts that the Tire at Issue is "crucial evidence in the case, to which all parties are entitle[d] to equal access." (ECF No. 28 at 8, ¶ 27.) Defendant also cites to *Griffith v. Goodyear Dunlop Tires N. Am. LTD*., No. 11CV761S, 2012 WL 5473494 (W.D.N.Y. Nov. 9, 2012) (permitting the defendant in the case to conduct non-destructive and non-invasive testing on the tires and rims before returning the tires to the plaintiff), to claim that Plaintiff should be compelled to produce the Tire at Issue. Moreover, Defendant asserts that the request would not be burdensome on Plaintiffs because Defendant has offered to pay for all the costs associated with shipping the Tire at Issue. (ECF No. 28 at 8-9, ¶ 27.)

In Response to Defendant's (second) Request for Production Nos. 20-23, Plaintiff stated that "[Defendant] was in possession of the subject tire from October 8, 2014 until April 21, 2015." (Ex. K, Resp. to Req. for Produc., ECF No. 28-11 at 6-7.)[2] In their Response in Opposition, Plaintiffs emphasized how the Tire at Issue was in the possession of Defendant and its experts for over six months, before it was shipped back to Plaintiffs' counsel on April 22, 2015. (ECF No. 31 at 2.) Plaintiffs reject the notion that Defendant will be prejudiced, arguing that a thorough examination should have been done the first time. (ECF No. 31 at 4.) Plaintiffs further argue that

---

[2] In regard to Request for Production Nos. 20-23, each Response varied only to the extent of whether the Request dealt with the subject tire, rim/wheel portion, tread/belt package, or other miscellaneous pieces. Each Response was based on the following: "Goodyear was in possession of the [subject tire] from October 8, 2014 until April 21, 2015." (Ex. K, Resp. to Req. for Produc. ECF No. 28-11.)

4

neither *Hajek* nor *Griffith* are applicable because the defendants in both cases had not previously examined the tire. (ECF No. 31 at 4.)[3]

In regard to the case law cited by Defendant, the court agrees with Plaintiffs that *Hajek* and *Griffith* are not directly applicable. The central aspect of this action is that Defendant wants to *re-examine* the Tire at Issue. The defendants in both *Hajek* and *Griffith* had not yet been able to examine the tires when they filed motions to compel. Furthermore, though the court in *Hajek* held that the tires and rims were "pivotal evidence," and thus both parties were equally entitled to perform testing and inspection, *Hajek*, 2009 WL 2229902 at *4, there is no language in either *Hajek's* or *Griffith's* opinions that says the parties were entitled to equal *access*.

However, though Defendant may not be entitled to equal access of the Tire at Issue, the court is persuaded that Defendant's request for re-examination of the Tire at Issue is proportional to the needs of the case. The court also believes that allowing such a request would not be unduly burdensome on Plaintiffs. The Tire at Issue is central to Plaintiffs' case against Defendant, and because Defendant has offered to pay the costs associated with shipping the tire (ECF No. 28 at 4, 8-9, ¶¶ 12, 27), Plaintiff faces no undue burden or expense.

The court recognizes that Defendant's request could be considered duplicative, and that Defendant had an opportunity to obtain information about the Tire at Issue during months it had the Tire at Issue in its possession. *See* Fed. R. Civ. P. 26(b)(2)(C)(i)(ii). However, the scope of Rule 26 is designed to allow a party a fair opportunity to develop its case, and the court feels that

---

[3] In their Response in Opposition, Plaintiffs also attempt to note a potential discrepancy in the language Defendant used in an Expert ID (concerning their expert James G. Gillick, "Gillick"), Gillick's affidavit, and a letter from Defendant. (ECF No. 31 at 2-3.) However, the court agrees with Defendant's assertion in ECF No. 35 that Defendant did not represent to Plaintiffs the idea that Gillick had inspected the Tire at Issue. Therefore, this argument need not be addressed further.

the re-examination of the Tire at Issue is not *unreasonably* duplicative.  Furthermore, Plaintiff will not be oppressed or unduly burdened by Defendant's re-examination.

## IV. CONCLUSION

Based on the aforementioned reasons, the court hereby **GRANTS** Defendant's Motion to Compel.  (ECF No. 28.)

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

November 14, 2016
Columbia, South Carolina

6