# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Maria Davenport, Arnold Davenport, and Demorio Davenport, | ) ) |
| | ) Civil Action No. 1:15-cv-03751-JMC |
| Plaintiffs, | ) ) |
| v. | ) **ORDER AND OPINION** |
| | ) |
| Goodyear Dunlop Tires North America, Ltd., and The Goodyear Tire & Rubber Company, | ) ) ) ) |
| Defendants. | ) ) ) |

Plaintiffs Maria Davenport, Arnold Davenport, and Demorio Davenport filed this action against Defendants Goodyear Dunlop Tires North America Ltd. and The Goodyear Tire & Rubber Company seeking to recover damages for injuries suffered after the tread of the tire manufactured by Defendants separated, causing Plaintiff's vehicle to rollover. (ECF No. 1 at 2.)

This matter is before the court pursuant to only Defendant Goodyear Tire & Rubber Company's ("Goodyear Tire") Motion to Compel Full Responses to Defendant's Interrogatories and Requests for Production to Plaintiff Arnold Davenport and Plaintiff Demorio Davenport (collectively "Plaintiffs"). (ECF No. 29.) Plaintiffs filed a Response in Opposition to Defendant's Motion to Compel. (ECF No. 32.)

For the reasons set forth below, the court **GRANTS** Goodyear Tire's Motion to Compel (ECF No. 29) for Interrogatory No. 3 and Request for Production ("RFP") Nos. 1, 7, 33, and 34 related to Plaintiff Arnold Davenport; and Interrogatory Nos. 3 in part, 7, 9 and RFP Nos. 1, 7, 32, and 33 related to Plaintiff Demorio Davenport. The court **DENIES WITHOUT PREJUDICE** Goodyear Tire's Motion to Compel Interrogatory No. 9, and RFP Nos. 13, 27, 32,

1

and 36 related to Plaintiff Arnold Davenport; and Interrogatory Nos. 3 in part, 13, 16 and RFP Nos. 13, 26, 31, and 35-38 related to Demorio Davenport.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 5, 2012, Plaintiff Maria Davenport was driving her vehicle, with Plaintiff Demorio Davenport and Plaintiff Devon Davenport riding as passengers. Plaintiffs allege that the left rear tire[1] of the vehicle separated, causing the vehicle to overturn, which resulted in severe injuries to Plaintiffs. Plaintiffs assert claims against Defendants under theories of negligence, strict liability, and breach of warranty, that the tire was defective. Plaintiff Arnold Davenport filed a claim for loss of consortium

On January 29, 2016, Goodyear Tire served its First Set of Interrogatories and Requests for Production on Plaintiff Arnold and Plaintiff Demorio Davenport. (ECF No. 21-1.) Plaintiffs failed to timely respond to Goodyear Tire's discovery requests Pursuant to Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A). On March 9, 2016, Goodyear Tire notified Plaintiffs' Counsel that the discovery responses were past due. (ECF No. 29-2.) On March 28, 2016, both parties agreed to a time extension, which allowed Plaintiffs to respond to the discovery requests no later than April 6, 2016. (ECF No. 29-3.) On April 4, 2016, Plaintiffs served their answers and objections to Goodyear Tire's discovery requests. (ECF No. 29-4.)

On April 21, 2016, Goodyear Tire sent a meet and confer letter to Plaintiffs' Counsel, requesting more full and complete responses to: (1) Interrogatories to Plaintiff Arnold Davenport Nos. 3 and 9; (2) Interrogatories to Plaintiff Demorio Davenport, Nos. 3, 7, 9, 13, and 16; (3) Requests for Production to Plaintiff Arnold Davenport Nos. 1, 7, 13, 27, 32-34, and 36; and (4)

---

[1] Goodyear Dunlop Tires North America, Ltd. manufactured the tire at the Huntsville, Alabama plant during the fifth week of 2001.

Requests for Production to Plaintiff Demorio Davenport Nos. 1, 7, 13, 26, 31-33, and 35-38. (ECF No. 29-5.)

Additionally, Goodyear Tire requested verification of Plaintiffs' answers and clarification of Plaintiff Arnold Davenport's Reponses to Requests for Production Nos. 3, 6-9, 11, 12, 14-18, 26, 28, 29, and 35, and Plaintiff Demorio Davenport's Reponses to Requests for Production Nos. 3, 6, 7, 13-15, 17, 18, and 28. (ECF No. 29-5.) Plaintiffs did not supplement or provide any additional responses, and the parties were unable to resolve the deficiencies that Goodyear Tire argues are present in Plaintiffs' responses.

## LEGAL STANDARD

The amendment to Fed. R. Civ. P. 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).[2] The scope of discovery permitted by Fed. R. Civ. P. 26 is designed to provide a party with information reasonably necessary to afford a fair opportunity to develop its case. *Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co., Inc.*, 967 F.2d 980, 983 (4th Cir. 1992).

---

[2] The court observes that the Supreme Court entered an order on April 29, 2015, stating that these amendments should be applied to cases filed before December 1, 2015, insofar as it is just and practicable. The court finds that it is just and practicable to apply the rules as amended in this case.

Fed. R. Civ. P. 33(b)(3) requires that each interrogatory must, to the extent there is no objection, to be answered separately and fully in writing under oath. Fed. R. Civ. P. 34(a)(1)(A) permits a party to serve upon any other party a request within the scope of Rule 26(b) to produce and permit the requesting party to inspect, copy, test, or sample any designated tangible things. Fed. R. Civ. P. 34(b)(2)(B) requires that for each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the requests, including the reasons.

Fed. R. Civ. P. 37 states that "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). "For purposes of [Rule 37(a)], an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Specifically, a party "may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). Broad discretion is given to a district court's decision to grant or deny a motion to compel. *See, e.g., Lone Star Steakhouse & Saloon, Inc., v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995).

### III. ANALYSIS

Goodyear Tire seeks to compel answers to the following Interrogatories and Requests for Production from Plaintiffs. The court addresses each of the interrogatories below as follows:

**A.** **Interrogatory No. 3 to Arnold Davenport and Interrogatory No. 7 to Demorio Davenport:** Do you contend that you have lost any income, benefits or earning capacity in the past or future as a result of the incident described in the Complaint? If so, state the nature of the income, benefits, or earning capacity, and the amount and the method that you used in computing the amount.

4

(ECF No. 29 at 5.)

<u>The Court's Ruling</u>

Plaintiffs allege that they missed work because of the injuries they suffered in the accident. (ECF No. 29 at 5.) Plaintiffs' answer stated that an attempt to calculate the amount of lost wages would be provided once completed. (ECF No. 29 at 5.) At this time, that information has not been provided.

The amended Rule 26 dictates that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . [including] the amount in controversy." Fed. R. Civ. P. 26(b)(1). The court finds that Plaintiffs' answers fail to address lost income, benefits, or earning capacity and fail to specify the amount lost or any suggestion of a potential method to calculate an amount. Consequently, Plaintiffs are directed to answer Goodyear Tire's interrogatory regarding lost income, benefits, or earning capacity due to injuries suffered; the nature of the income, benefits, or earning capacity; the specific amount of lost income, benefits, or earning capacity; and the method used in calculating that amount.

Therefore, the court **GRANTS** Goodyear Tire's Motion to Compel Full Responses to Interrogatories No. 3 to Plaintiff Arnold Davenport and No. 7 to Plaintiff Demorio Davenport.

**B.     Interrogatory No. 9 to Arnold Davenport and Interrogatory No. 16 to Demorio Davenport:** If you or anyone acting on your behalf has had any communications with [Goodyear Tire] or someone you believe or believes to be a representative of these entities with respect to any subject that is relevant to the claims made by you in this lawsuit, please state the date, circumstances, and substances of each such communication.

(ECF No. 29 at 6-7.)

<u>The Court's Ruling</u>

First, Plaintiffs objected to the interrogatory and claimed the communications are work

5

product. (*Id.*) However, in the response to Goodyear Tire's Motion, Plaintiffs assert that there are no communications or correspondence with any party related to these claims, other than those through counsel for Goodyear Tire. (ECF No. 32 at 3.) The court finds that Plaintiffs have sufficiently answered the interrogatory. If Plaintiffs acquire documents relating to this interrogatory, then that information should be shared with Goodyear Tire pursuant to Fed. R. Civ. P. Rule 26.

Therefore, Interrogatory No. 9 to Plaintiff Arnold Davenport and No. 16 to Plaintiff Demorio Davenport are **DENIED** without prejudice.

C.      **Interrogatory No. 3 to Demorio Davenport:** Set forth an itemized statement of all damages, exclusive of pain and suffering, claimed to have been sustained by Plaintiff.

(ECF No. 29 at 7-8.)

The Court's Ruling

Plaintiff Demorio Davenport failed to provide an itemization of lost wages, but did offer a list of damages. As a result, the court finds that this answer is incomplete regarding the itemization of lost wages. However, the court finds that Plaintiff's answer to Interrogatory No. 2, coupled with the answer to Interrogatory No. 3, sufficiently answers Goodyear Tire's request for an itemization of medical expenses.

Therefore, the court **GRANTS in part** Goodyear Tire's Motion to Compel regarding Interrogatory No. 3 to Plaintiff Demorio Davenport related to an itemization of lost wages and **DENIES in part** the request for itemization of medical expenses without prejudice.

D.      **Interrogatory No. 9 to Demorio Davenport:** Has anything been paid or is anything payable from any third party for the damages listed in your answers to these interrogatories, including Medicare? If so, state the amounts paid or payable, the name and business address of the person or entity who paid or owes said amounts, and which of those third parties have or claim a right of subrogation and/or asserted a lien.

(ECF No. 29 at 8-9.)

<u>The Court's Ruling</u>

Plaintiff did not object to the interrogatory in their answer, but in the Motion in Opposition indicates that "[Plaintiff] objects to providing the amount of the lien to [Goodyear Tire] has [sic] it has no relevance in this action since it's a collateral source." (ECF No. 32 at 4.) The court finds that this objection is waived as untimely. *See* Fed. R. Civ. P. Rule 33(b)(4). Moreover, the court finds that because Plaintiffs' response is incomplete as the response only indicates that Medicaid has paid for medical treatment, Plaintiffs must answer Goodyear Tire's interrogatory. *See* Fed. R. Civ. P. Rule 37(a)(4) ("[a]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."

Therefore, the court **GRANTS** Goodyear Tire's Motion to Compel regarding Interrogatory No. 9 to Plaintiff Demorio Davenport.

**E.     Interrogatory No. 13 to Demorio Davenport:** Describe in detail each act or omission on the part of any person or entity whether or not a party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.

(ECF No. 29 at 9-10.)

<u>The Court's Ruling</u>

Plaintiff objected and asserted a claim of work product and "[u]pon completion of this investigation, [Plaintiff] will provide responsive answers to the extent possible by supplementing and/or through expert opinion testimony." (ECF No. 29 at 9-10.) Further, Plaintiff contends that Goodyear Tire seeks to obtain mental impressions of counsel because Plaintiffs have already produced expert reports and all other documents in connection with the case. (ECF No. 32 at 4.) Considering that Goodyear Tire is now in possession of the experts' reports, Plaintiff has sufficiently answered the interrogatory.

Therefore, the court **DENIES** Goodyear Tire's Motion to Compel regarding Interrogatory No. 13 to Plaintiff Demorio Davenport without prejudice.

**F.     Request for Production ("RFP") No. 1 to Arnold Davenport and RFP No. 1 to Demorio Davenport:** Any and all [] documents, including but not limited to, memoranda, letters, correspondence, logs, notes, journals, reports, and guidelines created by an employee of, or agent of these entities relating to the subject vehicle and tire, which have been obtained from any source other than from undersigned attorneys in response to Plaintiffs discovery requests in this case.

(ECF No. 29 at 10-11.)

The Court's Ruling

Plaintiffs objected to the request on the grounds of work product, which Goodyear Tire indicates did not contain a privilege log. (*Id.*) Plaintiffs indicated that they "will confirm . . . that they have not received any documents from [Defendants] and will supplement to state accordingly." (ECF No. 32 at 5.) The court finds that this response is incomplete because Plaintiffs did not adequately indicate why it was withholding information, and directs Plaintiffs to answer fully respond by producing the documents to Goodyear Tire. *See* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *See also* Fed. R. Civ. P. 26(b)(5) (requiring parties "describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a matter that . . . will enable other parties to assess the claim.") The court recommends that Plaintiffs take care when drafting their answers and objections. *See generally* Fed. R. Civ. P. 26(g) (explaining that the certification duty "requires the lawyer to pause and consider the reasonableness of his request, response, or objection").

Therefore, the court **GRANTS** Goodyear Tire's Motion to Compel the RFP No. 1 related to Plaintiff Arnold Davenport and the RFP No. 1 related to Plaintiff Demorio Davenport.

8

**G.     RFP No. 7 to Arnold Davenport and RFP No. 7 to Demorio Davenport:** Documents, including but not limited to, bills, invoices, and records, reflecting and/or supporting any claims of Plaintiffs damages, including special damages and financial loss/expenses.

(ECF No. 29 at 11-12.)

<u>The Court's Ruling</u>

For the reasons stated in the ruling regarding Interrogatory No. 3, the court finds that Goodyear Tire is entitled to discovery of documents responsive to RFP No. 7. Therefore, the court **GRANTS** Goodyear Tire's Motion to Compel as to this request.

**H.     RFP No. 13 to Arnold Davenport and Demorio Davenport:** Federal personal income tax returns and W-2 forms of Plaintiff for the years 2003 to the present.

(ECF No. 29 at 12-13.)

<u>The Court's Ruling</u>

In response, Plaintiff Demorio claims he is not in possession of any such documents at this time. Consequently, if Plaintiff Demorio comes into possession of such documents since the time that his discovery answers was filed, the court orders that he supplement his answer to RFP No. 13 accordingly. Also, Plaintiff Arnold Davenport's Counsel is executing authorization to allow Goodyear Tire to obtain his tax returns directly from the IRS back to 2003.

Therefore, the court **DENIES** Goodyear Tire's Motion to Compel Full Responses to RFP No. 13 without prejudice, but directs Plaintiffs to supplement their responses as appropriate.

**I.     RFP No. 27 to Arnold Davenport and RFP No. 26 to Demorio Davenport:** All owners' manuals or other product literature pertaining to the subject vehicle involved in the accident of October 5, 2012.

(ECF No. 29 at 13-14.)

<u>The Court's Ruling</u>

Goodyear Tire argues that they are "seeking documents generated by Ford and [Goodyear Tire] pertaining to the subject vehicle and Tire at Issue" and that "Plaintiffs have not stated with

9

any specificity what information they have previously produced to [Goodyear Tire]." (ECF No. 29 at 14.)

Plaintiffs objected to the request on the grounds of work product privilege. (*Id.*) Plaintiffs claim that they allowed Goodyear Tire's experts to search the vehicle for any literature and that they will confirm they are not in possession of other documents pertaining to the subject vehicle and, if so, will provide them accordingly. (ECF No. 32 at 5.)

The court cannot compel Plaintiffs to produce documents they do not possess. *See e.g.*, *Payless Shoesource Worldwide, Inc. v. Target Corp.*, No. 5-4023, 2008 WL 973118, at *4 (D. Kan. Apr. 8, 2008) ("Fed. R. Civ. P. 34 does not require a party to create responsive documents if they do not exist in the first instance" and "the Court cannot compel a party to produce documents that do not exist").

Therefore, the court **DENIES** Goodyear Tire's Motion to Compel Request for Production No. 27 to Plaintiff Arnold Davenport and Request for Production No. 26 to Plaintiff Demorio Davenport without prejudice.

**J.**     **RFP No. 32 to Arnold Davenport and RFP No. 31 to Demorio Davenport:** All data downloaded from the vehicle involved in the accident on October 5, 2012.

(ECF No. 29 at 15.)

The Court's Ruling

Plaintiffs' objected to this request under the grounds of work product privilege. (*Id.*) Further, Plaintiffs' assert that "[n]o data was downloaded from [the vehicle]." (ECF No. 32 at 6.) For the reasons stated in the ruling regarding RFP No. 27 to Plaintiff Arnold Davenport and RFP No. 26 to Plaintiff Demorio Davenport, the court **DENIES** Goodyear Tire's Request for Production No. 32 to Plaintiff Arnold Davenport and Request for Production No. 31 to Plaintiff Demorio Davenport without prejudice.

**K.    (a) RFP Nos. 33 and 34 to Arnold Davenport and (b) RFP Nos. 32 and 33 to Demorio Davenport:**

(*Nos. 33 and 32*) Produce all documents that you intend to rely upon in support of Plaintiffs claim for punitive damages pertaining to the tire at issue as referenced in Plaintiffs Complaint.

(*Nos. 34 and 33*) Produce a copy of each statute, law, ordinance, rule, and/or regulation, if any, that Plaintiff claims serving as a basis for entitlement to punitive damages as referenced in Plaintiffs Complaint.

(ECF No. 29 at 15-16.)

<u>The Court's Ruling</u>

In their response, Plaintiffs claim work product privilege and argue that "[Goodyear Tire is] seeking a road map of all documents . . . related to punitive damages." (ECF No. 32 at 7.) The court finds that Plaintiffs are not required to turn over any documents that may provide Goodyear Tire with mental impressions of counsel related to punitive damages. However, the instant case is one "with multiple defendants, [and] a punitive damages award must be specific to each defendant, and each defendant is liable only for the amount of the award made against that defendant." S.C. Code Ann. § 15-32-520(G) (2012). As such, Plaintiffs are directed to respond to the interrogatory in so far as it complies with the statutory requirement.

Therefore, the court **GRANTS** Goodyear Tire's Request for Production to Plaintiff Arnold Davenport and Plaintiff Demorio Davenport.

**L.    RFP No. 36 to Arnold Davenport:** Please provide an original signed authorization for the undersigned to receive a copy of records from the South Carolina Department of Transportation [SCDOT] for [Plaintiff] [].

(ECF No. 29 at 17.)

<u>The Court's Ruling</u>

Plaintiff offered no objection to the interrogatory, and instead provided an answer stating, "Plaintiff will consider getting the authorization signed if appropriate." (*Id.*) In the Response in

Opposition, Plaintiff claims that the authorization from the South Carolina Department of Transportation is in process. (ECF No. 32 at 6.) The court notes that Plaintiffs initial response was incomplete because it offered no grounds for objection required by Rule 34. *See* Fed. R. Civ. P. 34(b)(2)(B). Additionally, Plaintiffs answer is incomplete as it fails to provide complete answers as required by Fed. R. Civ. P. Rule 33(b)(3).

Therefore, because Plaintiffs are providing the authorization for records from SCDOT, the court **DENIES** Goodyear Tire's RFP No. 36 to Plaintiff Arnold Davenport, without prejudice.

**M.      RFP Nos. 35-38 to Demorio Davenport:**

> (*No. 35*) Please provide an original signed authorization for the undersigned to receive a copy of records from Palmetto Health Baptist for [Plaintiff] [].
>
> (*No. 36*) Please provide an original signed authorization for the undersigned to receive a copy of records from Aiken County EMS for [Plaintiff] [].
>
> (*No. 37*) Please provide an original signed authorization for the undersigned to receive a copy of records from the South Carolina Department of Health and Human Services for [Plaintiff] [].
>
> (*No. 38*) Please provide an original signed authorization for the undersigned to receive a copy of records from the Social Security Administration for [Plaintiff] [].

(ECF No. 29 at 17-18.)

The Court's Ruling

For the reasons stated in the ruling regarding RFP No. 36 to Plaintiff Arnold Davenport, the court finds that Plaintiffs are producing the records sought by Goodyear Tire. Therefore, the court **DENIES** Goodyear Tire's Motion to Compel the RFP Nos. 35-38 to Plaintiff Demorio Davenport, without prejudice.

**N.      Request for Verification**

Goodyear Tire seeks verification of answers provided by Plaintiff to comply with Fed. R.

Civ. P. 33(b)(3), which requires full answers in writing and under oath. The court **GRANTS** Goodyear Tire's Request for Verification.

O.     **Request for Clarification Regarding Existence of Documents**

Goodyear Tire seeks clarification from Plaintiffs regarding the existence of documents related to RFP Nos. 3, 6-9, 11, 12, 14-18, 26, 28, and 29 directed to Plaintiff Arnold Davenport and RFP Nos. 3, 6, 7, 13-15, 17, 18, and 28 directed to Plaintiff Demorio Davenport, "regardless of whether or not they are in possession of Plaintiffs." (ECF No. 29 at 19.)

<u>The Court's Ruling</u>

Pursuant to Fed. R. Civ. P. Rule 34(a) and Rule 26(b), Plaintiffs are directed to clarify whether the documents exist. Therefore, the court **GRANTS** Goodyear Tire's request for clarification regarding existence of documents.

## IV. CONCLUSION

For the reasons above, the court **GRANTS** Goodyear Tire's Motion to Compel (ECF No. 29) for Interrogatory No. 3 and RFP Nos. 1, 7, 33, and 34 related to Plaintiff Arnold Davenport; and Interrogatory Nos. 3 in part, 7, 9 and RFP Nos. 1, 7, 32, and 33 related to Plaintiff Demorio Davenport. The court **DENIES WITHOUT PREJUDICE** Goodyear Tire's Motion to Compel Interrogatory No. 9, and RFP Nos. 13, 27, 32, and 36 related to Plaintiff Arnold Davenport; and Interrogatory Nos. 3 in part, 13, 16 and RFP Nos. 13, 26, 31, and 35-38 related to Plaintiff Demorio Davenport. Plaintiffs are directed to provide information relevant to this order by January 6, 2017.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

December 12, 2016
Columbia, South Carolina