# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | | |
|---|---|---|
| Maria Davenport, Arnold Davenport, and Demorio Davenport, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No.: 1:15-cv-03751-JMC |
| v. | ) ) | |
| Goodyear Dunlop Tires North America, Ltd. and the Goodyear Tire and Rubber Company, | ) ) ) | **ORDER AND OPINION** |
| Defendants. | ) ) | |

This matter is before the court pursuant to Plaintiffs Maria Davenport, Arnold Davenport, and Demorio Davenport's (collectively "Plaintiffs") Motion in Limine (ECF No. 120). Defendants Goodyear Dunlop Tires North America, Ltd. and The Goodyear Tire and Rubber Company's ("Goodyear") (collectively "Defendants") filed a response in opposition to Plaintiff's Motion (ECF No. 132). For the reasons set forth below, the court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Motion in Limine (ECF No. 120).

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On September 18, 2015, Plaintiffs Maria Davenport, Arnold Davenport, and Demorio Davenport filed a Complaint against Defendants. (ECF No. 1.) Plaintiff Maria Davenport alleged she suffered injuries while she was driving a 1996 Ford Explorer ("Subject Vehicle") when the tread on the left rear tire ("Subject Tire") separated from the car, causing it to overturn ("Subject Accident"). (*Id.*) Plaintiff Demorio Davenport was a passenger in the car and he also alleges that he suffered injuries during the incident. (*Id.*) Plaintiffs Maria and Demorio Davenport seek damages for their claims of negligence, strict liability, and breach of warranty. (*Id.*) Plaintiff Arnold Davenport alleges loss of consortium. (*Id.* at 2.) Plaintiff Devon Davenport individually

1

filed a second Complaint in this court. *See Devon Davenport v. Goodyear Dunlop Tires North America, Ltd. and The Goodyear Tire and Rubber Company*, Civil Action No.: 1:15-cv-03752-JMC. On August 2, 2016, Defendants filed a Motion to Consolidate both cases. (ECF No. 41.) On October 25, 2016, the court granted Defendants' Motion to Consolidate for all purposes, including trial. (ECF No. 59 at 5.)

Plaintiffs' present Motion requests that the court preclude Defendants from introducing into evidence and from making any comment in the presence of the jury, directly or indirectly, in any manner whatsoever, concerning the following matters:

1. Maria Davenport's social security application, determination or entitlement to social security benefits;
2. Devon Davenport's accident of January 4, 2014, subsequent arrest and criminal charge;
3. Care or maintenance of tires other than the Subject Tire by any Plaintiff;
4. Collateral source payments/benefits;
5. Liability insurance payments to the vehicle's passengers;
6. Any testimony of the storage of tires other than the Subject Tire;
7. Tire separations' controllability;
8. Filing this Motion in Limine;
9. The South Carolina traffic collision report;
10. Date summons and complaint was filed;
11. Any prior traffic citations, lawsuits, or automobile accidents involving Plaintiffs;
12. Criminal charges and arrests;
13. Employment of counsel/fees and date counsel was retained;
14. Unrelated claims or injuries; and
15. Failure to call equally available witnesses

(ECF No. 120). Defendants responded to each request for exclusion in their Response (ECF No. 132), and Plaintiffs filed a Reply (ECF No. 144).

## II. LEGAL STANDARD

"The purpose of a motion in limine is to allow a court to rule on evidentiary issues in advance of trial in order to avoid delay, ensure an even-handed and expeditious trial, and focus the issues the jury will consider." *Newkirk v. Enzor*, No. 2:13-1634-RMG, 2017 WL 823553, at *2

(D.S.C. 2017) (internal citations omitted). Pursuant to Federal Rule of Evidence 401, evidence is relevant if it has "any tendency" to make a fact of consequence to the issues in question "more or less probable than it would be without the evidence." Fed. R. Evid. 401. Federal Rule of Evidence 403 provides that evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time or needless cumulative evidence. Fed. R. Evid. 403. Evidence should be construed in the "light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect." *United States v. Salazar*, 338 F. Appx 338, 343-44 (4th Cir. 2009) (citing *United States v. Simpson*, 910 F.2d 154, 157 (4th Cir. 1990)). Prejudicial evidence is excluded to protect the jury from drawing improper inferences. *Mullen v. Princess Anne Volunteer Fire Co.*, 853 F.2d 1130, 1134 (4th Cir. 1988) ("All relevant evidence is 'prejudicial' in the sense that it may prejudice the party against whom it is admitted. Rule 403, however, is concerned only with 'unfair' prejudice. That is, the possibility that the evidence will excite the jury to make a decision on the basis of a factor unrelated to the issues properly before it.").

### III. ANALYSIS

**1. Maria Davenport's Social Security Application, Determination or Entitlement to Social Security Benefits**

Plaintiffs' Motion in Limine #1 seeks to exclude any reference or suggestion that Maria Davenport has applied for, received, or was entitled to Social Security Disability Benefits. (ECF No. 120 at 1-2.) Plaintiff argues that any adjudication of Mrs. Davenport's social security application has no relevance to the issues in this matter and that unfair prejudice substantially outweighs any probative value. (*Id.* at 2.) Defendants have stated that they have no intention of introducing evidence regarding the amount of benefits applied for or received by Maria Davenport. (ECF No. 132 at 2.) However, Defendants may seek to introduce Maria Davenport's application

for short-term disability because Defendants claim that Ms. Davenport "grossly exaggerated her injuries on her application for short-term disability, and therefore the evidence is relevant as to her credibility and the veracity of her claims." (*Id.*)

Social security benefits and short-term disability policies are inadmissible as a collateral source. *Covington v. George*, 359 S.C. 100, 103-04 (2004) ("A tortfeasor cannot take advantage of a contract between an injured party and a third person, [regardless of] whether the source of the funds received is an insurance company, an employer, a family member, or other source.").

Plaintiffs informed the court that the short-term insurance carrier was provided with six hundred and twenty-four pages of documents and medical records. (ECF No. 144.) Therefore, if the court allows Maria's application into evidence as a means to attack her credibility, it may also allow the several hundred documents and medical records on which Maria's claim for disability was based. However, Maria's social security benefits determination or entitlement to social security benefits will not be admissible pursuant to the collateral source rule. Accordingly, Plaintiffs' Motion in Limine #1 is granted in part as to Maria's social security benefits or entitlement to social security benefits, and denied in part as to her social security application and the accompanying documents and medical records on which the award for disability to this Plaintiff was based.

2. **Devon Davenport's Accident of January 4, 2014, Subsequent Arrest and Criminal Charge**

Plaintiffs' Motion in Limine #2 seeks to exclude any reference, evidence, or testimony that Devon Davenport was involved in another accident on January 4, 2014 where he was the driver. (ECF No. 120 at 2.) An individual in the back seat, Amber Jernigan, sustained injuries during the accident that resulted in her being paralyzed. (*Id.*) Devon was charged with felony DUI resulting in great bodily injury and later pleaded guilty. (*Id.*) Plaintiffs argue that Devon Davenport's

subsequent accident of January 4, 2014 is not relevant to any issues in this case and that any testimony from Amber Jernigan regarding her condition is unfairly prejudicial to the other Plaintiffs in this case, Maria, Arnold, and Demorio, and their claims for damages when they were not involved in the accident on January 4, 2014. (*Id*.) Plaintiffs assert that this testimony also confuses the issues for the jury. (*Id*.)

The court finds that Devon Davenport's injuries are relevant to Defendants' causation argument – specifically, the physical limitations or damages Devon Davenport suffers from today. *See* Fed. R. Evid. 401. As a result of the January 4, 2014 accident, Devon Davenport suffered severe injuries, including but not limited to concussion, seizure, frontal hemorrhage, broken ribs, brain swelling, and occipital condyle fracture (fracture of bone at base of skull and top of cervical spine). (ECF No. 132 at 3.) Therefore, evidence of his injuries will be admitted.

The court has already ruled on and rejected Plaintiffs' argument that the unfavorable evidence related to Devon Davenport's January 4, 2014 accident could unduly prejudice Maria, Arnold and Demorio Davenport. The court, in granting Defendants' Motion to Consolidate, stated in reference to the argument of danger or prejudice to Maria, Arnold and Demorio Davenport, "[w]hile the court is sensitive to this issue, it believes that it can be handled with proper jury instruction." (ECF No. 59 at 4.)

Similarly, with regard to Plaintiffs' argument that this evidence will confuse the jury, Plaintiffs also made this argument in their Response in Opposition to Defendants' Motion to Consolidate. (*See* ECF No. 45.) The court found, "the mere fact that a jury would have to hear testimony regarding different particular injuries does not necessarily mean that the jury will be confused as to each injury. The risk of confusion is further diminished by the fact that Plaintiffs in each case sustained very different types of injuries." (ECF No. 59 at 4.)

5

Regarding the evidence that Devon Davenport was charged with and pleaded guilty to a felony DUI with serious bodily injury, pursuant to Federal Rule of Evidence 609, this evidence is admissible to impeach his credibility, as the crime with which he was charged and to which he pleaded guilty is punishable by imprisonment for more than one year. *See* Fed. R. Evid. 609. Further, the court finds that the probative value of the evidence outweighs any unfair prejudice that may result. *See* Fed. R. Evid. 403.

Defendants do not intend to offer any evidence regarding Ms. Jernigan's injuries. (ECF No. 132 at 5.) However, Defendants do intend to offer the testimony of Amber Jernigan that, prior to getting into Devon Davenport's car on January 4, 2014, she had the opportunity to speak with and observe him and she noted no visible injuries, disabilities or other effects that would indicate he had injuries with lasting effects and which prevented him from being employed. (*Id.*) Plaintiffs respond by stating that such testimony would be akin to expert testimony and is not rationally based on her perception. (ECF No. 144 at 2.) Pursuant to Federal Rule of Evidence 701, the court will allow Amber Jernigan to provide *lay* testimony as to her limited observations regarding the appearance (or lack thereof) of Devon Davenport's visible injuries, disabilities or other effects prior to getting into Devon Davenport's car on January 4, 2014. *See* Fed. R. Evid. 701.

Lastly, regarding the motion to exclude evidence that Devon Davenport was charged with a felony DUI, Defendants plan to offer a video containing his statements at the accident scene prior to performing field sobriety exercises and in the police car after his arrest. (ECF No. 132 at 4.) Defendants contend that Devon Davenport admitted that he suffered no lasting injuries in the Subject Accident. (*Id.*) Specifically, at the accident scene, Defendants posit that when the officer asks Devon Davenport if his prior injury and brain surgery from the Subject Accident would in any way prevent him from completing the field sobriety test, he responds in the negative. (*Id.*)

"While in the police car, Devon Davenport tells the officer that he is employed as a brick layer, despite Devon's claims in the instant action that he has been unable to work since the Subject Accident due to his injuries." (*Id*.) Accordingly, Defendants intend to use the video taken in the DUI investigation to rebut his claims that he suffered lasting physical impairment and unemployment as a result of the Subject Accident. (*Id*.)

The court has reviewed the video and does not find that Defendants' portrayal of Devon's responses is completely accurate. Devon mentions to the police officers at the accident scene at least twice that he previously had brain surgery, referencing the Subject Accident. An officer asks Devon if he had any *other* physical impairments that would keep him from walking during the sobriety test, to which Devon answered in the negative. Devon's response to the officer's statements were in regard to other impairments affecting his ability to walk. These statements alone do not equate to a response that he has suffered no lasting injuries from the Subject Accident, which can include injuries that are not outwardly visible. Devon's statements in the video are relevant and are not unduly prejudicial. Consequently, Plaintiffs' Motion in Limine #2 is denied.

### 3. Care or Maintenance of Tires Other than the Subject Tire by Any Plaintiff

Plaintiffs' Motion in Limine #3 seeks to exclude evidence of the care or maintenance of tires other than the Subject Tire by any Plaintiff. (ECF No. 120 at 2.) Based on expert testimony in this case, Plaintiffs anticipate Defendants will offer testimony that Plaintiffs failed to properly maintain the Subject Tire by using the other tires as evidence of improper maintenance. (*Id*.)

Defendants assert that the other, different sized tires on Plaintiffs' vehicle are relevant to the facts and the jury's understanding of the circumstances surrounding the placement of the Subject Tire on the vehicle. (ECF No. 132 at 5.) "The placement, repair and maintenance of these tires are basic facts that the jury is entitled to know to fully understand and digest the evidence as

7

a whole and to understand Defendants' argument that the lack of maintenance of the vehicle and tires caused the accident." (*Id.*)

Plaintiffs' alleged lack of maintenance of the other tires or failure to heed to the car manual's warning about the placement of different size tires on the Subject Vehicle is relevant to the Subject Accident. *See* Fed. R. Evid. 401. Accordingly, Plaintiffs' Motion in Limine #3 is denied.

### 4. Collateral Source Payments/Benefits

Plaintiffs' Motion in Limine #4 seeks to exclude any reference or suggestion that Plaintiffs have received, are entitled to receive, will receive, or will become entitled to receive, benefits of any kind or character from a collateral source, including, but not limited to, health insurance benefits, workers compensation, short term disability, unemployment, or medical/personal injury protection coverage. (ECF No. 120 at 3.) Defendants do not intend to introduce evidence of collateral source payments made to Plaintiffs. (ECF No. 132 at 8.) Therefore, Plaintiffs' Motion in Limine #4 is denied as moot.

### 5. Liability Insurance Payments to the Vehicle's Passengers

Plaintiffs' Motion in Limine #5 seeks to exclude any evidence, testimony, or argument, that goes towards the issue that the liability insurance carrier on the Subject Vehicle made payments to the vehicle's passengers (here, Devon and Demorio Davenport). (ECF No. 120 at 3.) Plaintiffs posit that any testimony that goes to this issue improperly injects insurance payments. (*Id.*)

Defendants assert that the claims against Maria and Arnold Davenport concern her comparative fault and rebut the testimony of Devon Davenport and Demorio Davenport that Maria Davenport did not cause or contribute to the Subject Accident. (ECF No. 132 at 9.) Their claims

"constitute prior inconsistent statements attributing fault for the Subject Accident and their damages to their parents." (*Id.*) In this matter, Defendants state that Devon and Demorio Davenport testified that their parents bear no fault for their Subject Accident and their damages. (*Id.*) Defendants argue that they should be entitled to cross-examine Devon and Demorio Davenport with their prior inconsistent claims that they asserted against their parents. (*Id.*) Defendants only intend to introduce that Devon and Demorio Davenport previously claimed that Maria and Arnold Davenport were at fault for the Subject Accident, without stating that this claim was related to insurance. (*Id.*)

Liability insurance payments are inadmissible as a collateral source. *Covington v. George*, 359 S.C. 100, 103-04 (2004) ("A tortfeasor cannot take advantage of a contract between an injured party and a third person, [regardless of] whether the source of the funds received is an insurance company, an employer, a family member, or other source."). Pursuant to Federal Rule of Evidence 613, "[e]xtrinsic evidence of a witness's prior inconsistent statement is admissible only if the witness is given an opportunity to explain or deny the statement and an adverse party is given an opportunity to examine the witness about it, or if justice so requires." *See* Fed. R. Evid. 613. The court will allow in Devon and Demorio's statements, provided they meet the evidentiary rule for prior inconsistent statements. Plaintiffs' Motion in Limine #5 is denied.

### 6. Any Testimony of the Storage of Tires other than the Subject Tire

Plaintiffs' Motion in Limine #6 seeks to exclude any testimony, evidence, or argument that the tires were improperly stored at the place they were sold, H&B Discount Tires. (ECF No. 120 at 3.) Plaintiffs anticipate Defendants intend to use photos of the storage of tires at H&B Discount Tires to establish the manner in which the Subject Tire was stored outside the facility. (*Id.*) The court agrees with Plaintiffs that any depiction of other tires is irrelevant to the Subject Tire.

9

However, Defendants maintain that the photograph would not be offered for the purposes of depicting other tires and how they were stored. (ECF No. 132 at 11.) Defendants articulate that there is a dispute as to whether Arnold Davenport purchased the Subject Tire from H&B Discount Tires, or whether he obtained the Subject Tire in the "free tire" pile that they keep outside on their property, where people can take tires at no charge to use for tire swings and other purposes. (*Id.*) In her deposition, Tricia Humphries, the owner of H&B Discount Tires, described where the "free tires" are located using a photograph from the business's website to demonstrate the location. (*Id.*) Defendants state that the photograph and line of testimony will help illustrate the location of tires on the property and to weigh the facts in determining whether the tires were purchased by Arnold Davenport or removed from the discard pile. (*Id.*)

Defendants do not direct the court to any evidence as to the "dispute" of whether Arnold Davenport purchased the Subject Tire from H&B Discount Tires, or whether he obtained the Subject Tire in the "free tire" pile. Therefore, the photograph of the "free tire" pile and line of testimony is not relevant. Further, Defendants do not cite to case law that absolves it of liability even if Arnold obtained the Subject Tire from the "free pile." *Cf Stanley v. B.L. Montague Co., Inc.*, 299 S.C. 51, 54 (Ct. App. 1989) ("[Because] virtually every products liability suit involves a completed product which has been accepted by an intervening purchaser prior to injuring a third person . . . not allowing an injured person to maintain a products liability suit against the manufacturer or designer of the product . . . would undermine the whole concept of products liability."). As a result, Plaintiffs' Motion in Limine #6 is granted.

However, this ruling does not foreclose Defendants from presenting the court with evidence of an actual dispute as to whether the Subject Tire was purchased or obtained from the "free pile." *See Salladin v. Tellis*, 247 S.C. 267, 271 (1966) ("Manufacturer who fails to exercise

10

reasonable care in manufacture of chattel is liable to those whom he should expect to be endangered by its probable use for injuries *caused by lawful use of chattel* in manner and for purpose for which it is supplied without necessity of existence of privity between manufacturer and injured person.") (emphasis added); *see also Rife v. Hitachi Const. Mach. Co.*, 363 S.C. 209, 215 (Ct. App. 2005) ("In a products liability action, regardless of the theory on which the plaintiff seeks recovery, he must establish three elements: (1) he was injured by the product; (2) the injury occurred because the product was in a defective condition, unreasonably dangerous to the user; and (3) the product, at the time of the accident, was in *essentially the same condition* as when it left the hands of the defendant.") (emphasis added).

### 7. Tire Separations are Controllable

Plaintiffs' Motion in Limine #7 seeks to exclude any testimony, evidence, or argument that tire separations are controllable, claiming there is no basis for this assertion. (ECF No. 120 at 3.) Plaintiffs assert that any testimony that Maria Davenport should have been able to control a tire separation in this instance is separate and distinct from situations where another driver controlled another tire separation at another speed on another road surface. (*Id.*) Therefore, Plaintiffs argue that this evidence is not relevant to the issues involved in this case. (*Id.*)

This Motion moves to exclude a portion of the expert report and opinion of Defendants' expert, Donald Tandy, and in essence is a *Daubert* challenge in the guise of a Motion in Limine. Mr. Tandy is an expert witness with a specialty in accident reconstruction and vehicle dynamics. (ECF No. 132 at 12.) He was an engineer in vehicle dynamics for Ford Motor Company for six years, and he has conducted testing on vehicle controllability during tread/tire separation vents, including on several Ford Explorers. (*Id.*) Further, in its Response, Defendants cited to multiple publications regarding separation controllability. (*Id.* at 13.) Thus, Mr. Tandy is qualified to offer

11

his opinion on controllability of tire separations in general, based on his testing and experience. Plaintiffs' opinion that "it is well established that tread separations result in loss of vehicle control, especially on the rear and at high speeds" is more appropriate for cross-examination. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 596 (1993) ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proffer are the traditional and appropriate means of attacking shaky but admissible evidence."). Consequently, the court denies Plaintiffs' Motion in Limine #7.

**8. Reference to Filing this Motion in Limine**

Plaintiffs' Motion in Limine #8 seeks to exclude any reference or suggestion that Plaintiffs' Motion in Limine has been presented to or ruled on by the court. (ECF No. 120 at 4.) Plaintiffs further contend that Defendants' counsel should be instructed not to suggest to the jury, directly or indirectly, that Plaintiffs have sought to exclude any matters from evidence at trial. (ECF No. 120 at 4.) Defendants have agreed to exclude any reference to the filing of Plaintiffs' Motions in Limine, provided that Plaintiffs likewise agree to exclude any reference to the filing of Defendants' Motions in Limine and *Daubert* motions. (ECF No. 132 at 14.) In response to Defendants' Motion, Plaintiffs agree to exclude any reference to the filing of Defendants' Motions in Limine. (ECF No. 144 at 6.) However, Plaintiffs could not agree to the exclusion of any reference to the filing of the *Daubert* motions due to the fact that at the time of their Reply, Plaintiffs had not filed any *Daubert* motions and were unsure how the evidence would play out at trial. (ECF No. 144 at 6.)

Any reference that a party has attempted to exclude evidence or that the court has ruled on the admissibility of such evidence is not allowed at trial. *See Newkirk*, 2017 WL 823553, at *2 ("The purpose of a motion in limine is to allow a court to rule on evidentiary issues *in advance of*

*trial* in order to avoid delay, ensure an even-handed and expeditious trial, and *focus the issues the jury will consider*.") (emphasis added); *see also* Fed. R. Evid. 402, 403. Therefore, Plaintiffs' Motion in Limine #8 is granted.

9. **The South Carolina Traffic Collision Report**

Plaintiffs' Motion in Limine #9 seeks to exclude the South Carolina Traffic Collision Report in accordance to S.C. CODE ANN. § 56-5-1290 and § 56-5-1340. (ECF No. 120 at 4.) Defendants do not intend to introduce the South Carolina Traffic Collision Reports into evidence for either the Subject Accident, or Devon Davenport's January 4, 2014 accident. (ECF No. 132 at 14.) However, Defendants want to reserve the right to use the reports to refresh the recollection of the investigating law enforcement as permitted by S.C. CODE ANN. § 56-5-1290. (ECF No. 132 at 14.) In response to Defendants' Motion, Plaintiffs agree that the reports can be used to refresh a witness's recollection, but are inadmissible as evidence pursuant to the statute. (ECF No. 144 at 6.) Accordingly, Plaintiffs' Motion in Limine #9 is denied as moot.

10. **Date Summons and Complaint Was Filed**

Plaintiffs' Motion in Limine #10 seeks to exclude the date the summons and complaint were filed. (ECF No. 120 at 4.) Defendants have no intention to introduce information regarding the date the summons and complaint were filed. (ECF No. 132 at 15.) Plaintiffs' Motion in Limine #10 is denied as moot.

11. **Any Prior Traffic Citations, Lawsuits, or Automobile Accidents Involving Plaintiffs**

Plaintiffs' Motion in Limine #11 seeks to exclude any prior traffic citations, lawsuits, or automobile accidents involving Plaintiffs. (ECF No. 120 at 4.) Aside from the prior lawsuit filed by Plaintiffs in state court which attributed fault to H&B Discount Tires, Defendants have no intention of introducing evidence of Plaintiffs' prior traffic citations, lawsuits, or automobile

13

accidents. (ECF No. 132 at 15.) Because H&B Discount Tires are not a party to this case, any mention of a lawsuit against them in another court is not relevant to this matter. Accordingly, the court grants Plaintiffs' Motion in Limine #11.

### 12. Criminal Charges and Arrests

Plaintiffs' Motion in Limine #12 requests that counsel for Defendants be precluded from offering any testimony, evidence, or argument concerning past criminal charges, convictions, arrests, or the like of Plaintiffs. (ECF No. 120 at 4.) Defendants state that Plaintiffs have not identified any other criminal conviction of Plaintiffs in discovery, other than Devon Davenport's January 14, 2014 felony DUI conviction. (ECF No. 132 at 15.) Plaintiffs agree. (ECF No. 144 at 6.) Therefore, Plaintiffs' Motion in Limine #12 is denied as moot.

### 13. Employment of Counsel/Fees and Date Counsel Was Retained

Plaintiffs' Motion in Limine #13 seeks to exclude any reference or suggestion regarding the time or circumstances under which Plaintiffs employed their attorneys. (ECF No. 120 at 4.) Defendants agree to this Motion in Limine, provided that it is applied to both Plaintiffs and Defendants. (ECF No. 132 at 16.) Plaintiffs agree. (ECF No. 144 at 6.) Accordingly, Plaintiffs' Motion in Limine #13 is denied as moot.

### 14. Unrelated Claims or Injuries

Plaintiffs' Motion in Limine #14 seeks to exclude any reference or suggestion that Plaintiffs have had unrelated, prior or subsequent injuries, claims, suits, or settlements or the amounts thereof unless there is medical evidence to establish a causal relation to damages claimed by Plaintiffs. (ECF No. 120 at 5.) Defendants argue that Devon Davenport's injuries and damages, if any, were caused by his January 2014 accident and not the Subject Accident. (ECF No. 132 at

17.) Therefore, Defendants maintain that the January 2014 accident and resulting injuries amounts to a superseding cause and cannot be excluded at trial. (*Id.*)

Plaintiffs provide no specificity as to what prior or subsequent injuries they move to exclude. As to the January 2014 accident, the court has already made a determination as to what evidence will be admissible in the discussion of Plaintiffs' Motion in Limine #2. Based on the vagueness of Plaintiffs' request, Plaintiffs' Motion in Limine #14 is denied without prejudice.

**15. Failure to Call Equally Available Witnesses**

Plaintiffs' Motion in Limine #15 seeks to exclude any reference or suggestion that Plaintiffs have not called to testify any witness equally available to both parties. (ECF No. 120 at 5.) Defendants agree to this Motion, provided it applies to both Plaintiffs and Defendants and that it precludes reference or suggestion to failure to call any witness, regardless of whether they are "equally" available. (ECF No. 132 at 17.) Plaintiffs agree. (ECF No. 144 at 7.) Therefore, Plaintiffs' Motion in Limine #15 is denied as moot.

### IV. CONCLUSION

Based on the foregoing, the court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Motion in Limine (ECF No. 120).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

May 24, 2018
Columbia, South Carolina